**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Christopher A. Jones,

Plaintiff,

v.

Brenda Tierney; Larry Hastings; Robert Rosenfeld; Suzanne Doe; Sarah Doe; HOA Board,

Defendants.

Case No. 2:23-cv-01527-RFB-DJA

**Order**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis.* The Court also screens Plaintiff's complaint.

**I. *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II. Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

***A. Plaintiff's allegations.***

Plaintiff brings his claims under the Fair Housing Act, the First Amendment, the Fifth Amendment, and the Fourteenth Amendment. Plaintiff sues: (1) Brenda Tierney, the former president of the HOA board for Plaintiff's neighborhood; (2) Suzanne Doe, a former member of the HOA board; (3) Robert Rosenfeld, the former secretary of the HOA board; (4) Sara Doe, an HOA board member; and (5) a Doe HOA board member.[1] Plaintiff alleges that the Defendants created a hostile living environment, discriminated against him based on race by unfairly applying the HOA rules to him, and retaliated against him for speaking up about the unfair treatment.

***B. Plaintiff's Constitutional claims.***

The United States Constitution protects individual rights only from *government* action, not from *private* action. *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original). Only when the *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated. *Id.* (emphasis in original). The Supreme Court has held that an ostensibly private organization or individual's action may be treated as the government's action "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tenn Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted); *see also Lee v. Katz*, 276 F.3d 550, 554 (9th Cir.2002). The Supreme Court has identified facts that bear on whether private action may be treated as that of the state.

---

[1] It is unclear from Plaintiff's complaint if Plaintiff is referring to the HOA board as a whole or a Doe member of that board.

The Court has held, for example, that a challenged action by a private actor may be state action when: (1) the government compelled the action using its "coercive power" or provided "significant encouragement, either overt or covert," for the action, *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); (2) the government and the private actor willfully participated in joint activity, *Lugar*, 457 U.S. 922, 941 (1982); (3) the government controlled a nominally private actor, *Pennsylvania v. Bd. of Dirs. of City Trusts of Philadelphia*, 353 U.S. 230, 231 (1957) (per curiam); or (4) the government delegated a "public function" to the private actor, *cf., e.g.*, *West v. Atkins*, 487 U.S. 42, 56 (1988); *Edmonson v. Leesville Concrete Co*., 500 U.S. 614, 627–628 (1991); *Evans v. Newton*, 382 U.S. 296, 299, 301 (1966).

Here, Plaintiff has only named private actors—members of his HOA board—meaning that the Constitution does not protect Plaintiff from their actions. Plaintiff also has not alleged that the HOA board has a close nexus with the state. Plaintiff alleges that Nevada Revised Statute 116.31184—which, in part, prohibits a community manager from harassing a unit owner—means that Defendants acted under color of law. But violating a state law is not the same as acting under color of state law. The Court thus dismisses Plaintiff's First, Fifth, and Fourteenth Amendment claims without prejudice.

***C. Plaintiff's Fair Housing Act claims.***

Courts "apply Title VII discrimination analysis in examining Fair Housing Act ("FHA") discrimination claims." *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997). "Thus, a plaintiff can establish an FHA discrimination claim under a theory of disparate treatment, ... or disparate impact." *Id.* at 304-05 (citation omitted). Additionally, the law is clear with respect to discrimination that single events rarely are sufficient to demonstrate a violation of federal anti-discrimination laws. *See Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 648 (9th Cir. 2021) ("A single incident of harassment can support a claim of hostile work environment ... but for a single incident to suffice, it 'must be extremely severe.'"), citing *Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir. 2000); *see also Manatt v. Bank of America, NA*, 339 F.3d 792 (9th Cir. 2003) (holding that multiple racially charged comments made to a female Chinese-American employee, while offensive and insensitive, did not rise to the level of a Title VII violation); *Vasquez v.*

*County of Los Angeles*, 349 F.3d 634, 643-44 (9th Cir. 2003) (holding a coworker's isolated remarks, six months apart, that an employee had "a typical Hispanic macho attitude" and "should consider transferring to the field because 'Hispanics do good in the field'" were not severe enough to pass muster under the provisions of Title VII); *see Kandell v. Sur 702*, No. 2:23-cv-00248-APG-EJY, 2023 WL 3020333, at *4 (D. Nev. Apr. 20, 2023).

Here, Plaintiff has not alleged that Defendants treated him differently than other members of his community who are not the same race as him. Defendant has not alleged any facts connecting Defendants' actions to race other than a single comment by Defendant Tierney in which she said, "this is not the Siegle [sic] Suites where you people can just do what you want." (ECF No. 1-1 at 19). However, while the Court acknowledges the offensive nature of the comment Tierney purportedly made, this single comment is not enough to demonstrate a violation of federal anti-discrimination laws. This is especially true because Plaintiff does not otherwise provide facts connecting Defendants' actions to his race.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but not issue summons.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **dismissed without prejudice and with leave to amend.** To the extent Plaintiff believes he can correct the noted deficiencies, he shall have until **December 18, 2023** to do so. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be

complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

DATED: November 16, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE